**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 2:23-CR-244** |
| **Plaintiff,** | |
| **v.** | |
| | **CHIEF JUDGE SARAH D. MORRISON** |
| **ALPHONZO L. EVANS,** | |
| **Defendant.** | |

**SENTENCING MEMORANDUM OF THE UNITED STATES**

The United States of America, by and through its counsel of record, hereby submits the

following sentencing memorandum in the above-mentioned case.  This sentencing memorandum

is based upon the Presentence Investigation Report ("PSR") and any further evidence or argument

as may be presented at any sentencing hearing in this matter.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

*s/Heidy T. Carr*
HEIDY T. CARR (0093524)
Special Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 469-5715
E-mail:  Heidy.Carr@usdoj.gov

1

## MEMORANDUM

Defendant, Alphonzo L. Evans ("Evans") is before this court for sentencing on December 17, 2024.  For the reasons below, the United States requests that a sentence of imprisonment on the higher end of the guidelines be imposed.  A sentence that is on the higher end of the range determined by the probation officer in the PSR is both reasonable and appropriate, as well as legally supported by the circumstances of this case.

The Probation Officer calculated Evans's advisory sentencing range under the United States Sentencing Guidelines as 51-63 months of imprisonment, based on a Total Offense Level of 17 and a Criminal History Category of V1 (*See* PSR PAGEID #: 164).  There are no outstanding objections to the PSR.

While the federal Sentencing Guidelines are not mandatory, United States v. Booker, 543 U.S. 220 (2005), the Guidelines should still be "the starting point and initial benchmark" in determining a sentence. United States v. Bolds, 511 F.3d 568, 579 (6th Cir. 2007) (quoting Gall v. United States, 552 U.S. 38, 49 (2007)). Ultimately, a sentence must be reasonable. United States v. Jackson, 408 F.3d 301, 304 (6th Cir. 2005) (citing Booker, 543 U.S. at 260). Specifically, the length of a sentence "must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary to comply with the purposes of §3553(a)." United States v. Vowell, 516 F.3d 503, 512 (6th Cir. 2008)(internal quotations omitted). The factors listed in 18 U.S.C. §3553(a) include, but are not limited to:

(1)     the nature and circumstances of the offense and the history and characteristics of defendant;

(2)     the need for the sentence imposed--

(A)     to reflect the seriousness of the offense, to promote respect for the law,
        and to provide just punishment for the offense;

(B)     to afford adequate deterrence to criminal conduct;

(C)     to protect the public from further crimes of the defendant; and

(D)     to provide the defendant with needed educational or vocational training,
        medical care, or other correctional treatment in the most effective manner.

In the instant case, the United States believes the nature and circumstances of the offense and the history and characteristics of the defendant are the prevailing and most important §3553(a) factors relevant to the sentencing of Evans.

Evans's instant offense not only demonstrates his willingness to commit dangerous acts such as discharging a firearm even while prohibited, but also his persistence to committing those serious offenses and refusal to abide by Court orders. After a phone call that alleged a discharge of a firearm to the area, Evans ran from officers while possessing a loaded firearm. That action alone puts so many people in danger- police officers, the community and people present during the incident, and Evans himself. Evans, a prohibited felon, was carrying a loaded weapon with 28 rounds of ammunition. To further prove Evans's noncompliance with the law and Court Orders, Evans was also on supervised release due to a previous felon in possession conviction in the Southern District of Ohio.

The Government is concerned with Evans's demonstrated behavior issues combined with Evans's criminal record. Evans displayed unresolved anger issues and delinquent behaviors from a young age. It is evident from Evans's multiple firearm convictions that his previous dealings with the law did not deter him from continuing his life of crime. In addition, Evans made a statement while in custody by police in a police cruiser implying that he would not want

3

to get caught without a firearm due to violence in the area. The Government would respectfully submit that this is an admission by Evans that he does not intend to comply with the Court's prohibition of him possessing a firearm. This is further supported by the repeated firearms convictions, including the conviction for which he is currently on supervised release with this Court. Thus, the Government respectfully urges the Court to take into consideration the dangers of prohibited felons consistently possessing and potentially discharging firearms, putting the community, law enforcement, and themselves at risk.

Evans's personal and family history provides for some degree of mitigation. Evans was raised by his mother until the age of 10, when he was placed in the custody of Franklin County Children Services due to his mother's drug use (*See* PSR PAGEID#: 154). Shortly after, Evans and his brother were placed in the custody of Evans's father during which Evans was diagnosed with attention deficit hyperactivity disorder (ADHD). (*Id.*). Although Evans admitted to consuming alcohol and marijuana starting from the age of 17, he did not believe that he had any substance abuse issues. In addition, no substance abuse issues were reported. The Government recognizes Evans experienced some early adverse events that may have influenced his decision-making and conduct in adulthood.

Despite Evans's upbringing, the Government asserts that to adequately deter criminal behavior and safeguard the public from further offenses by the defendant, a guideline-conforming term of imprisonment is warranted. Evans's criminal record includes at least four firearms-related convictions, notably a prior Felon in Possession of a Firearm conviction in the U.S. District Court for the Southern District of Ohio. These convictions are particularly concerning when combined with his other convictions, as they highlight Evans's propensity for

4

violence.

It is evident that despite Evans's prior convictions, he persists on committing serious offenses. Evans has shown a history of committing crimes while fleeing from officers, again, putting many people in danger. As mentioned in Paragraph 56 of the PSR, Evans fled an officer while driving more than 135 miles per hour in a 70 miles per hour zone, in a stolen vehicle. Evans's history has also shown his persistence of possessing firearms and, at times, brandishing them, despite repeated warnings that he is legally barred from doing so.

Consistent with all these facts and in consideration of the applicable 18 U.S.C. §3553(a) factors, the United States recommends a sentence of imprisonment that is on the higher end of the sentencing guidelines provided in the PSR. The above-described circumstances suggest a sentence of this length is warranted under the sentencing guidelines. This sentence would also be reasonable under the rationale of Booker, 543 U.S. 220 (2005); United States v. Henry, 545 F.3d 367, 385 (6th Cir. 2008) ("A sentence within the applicable Guidelines range is accorded a presumption of reasonableness in this circuit.") (citation omitted).

## CONCLUSION

For the foregoing reasons, the United States submits that a term of imprisonment on the higher end of the guidelines is sufficient, but not greater than necessary, to satisfy the goals of sentencing. Accordingly, the Government respectfully requests that the Court adopt the recommendation set forth in this memorandum as reasonable and appropriate in this case.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

*s/Heidy T. Carr*
HEIDY T. CARR (0093524)
Special Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Government Sentencing Memorandum was served this 7th day of December 2024, via the Court's electronic filing system (ECF) upon counsel of record for the defendant.

*s/Heidy T. Carr*
HEIDY T. CARR
Special Assistant U.S. Attorney
